**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AZORIA CAPITAL, INC., | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 1:25-cv-02388-BAH |
| v. | ) ) |
| JEROME H. POWELL, *in his official capacity as Chair of the Board of Governors of the Federal Reserve System and Chair of the Federal Open Market Committee, et al.,* | ) ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

BACKGROUND ................................................................................................................................. 1

STANDARD OF REVIEW ................................................................................................................. 6

ARGUMENT ....................................................................................................................................... 6

    A.    The FOMC Is Not an Agency for Purposes of the Sunshine Act ........................... 7

    B.    The FOMC Is Not Subject to the Sunshine Act as a "Subdivision" of the Federal Reserve System ........................................................................................ 9

    C.    Plaintiff Fails to State a Claim under the Administrative Procedure Act ............. 10

CONCLUSION ................................................................................................................................. 11

i

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 6

*Center for Biological Diversity v. U.S. International Development Finance Corp.*,
    77 F.4th 679 (D.C. Cir. 2023) ............................................................................ 7, 9, 11

*Committee for Monetary Reform v. Board of Governors of the Federal Reserve System*,
    766 F.2d 538 (D.C. Cir. 1985) .......................................................................... 1, 2, 3, 10

*FCC v. ITT World Communications*,
    466 U.S. 463 (1984) ................................................................................................ 10

*FOMC v. Merrill*,
    443 U.S. 340 (1979) .................................................................................................. 3

*Kentucky v. Graham*,
    473 U.S. 159 (1985) .................................................................................................. 5

*Reuss v. Balles*,
    584 F.2d 461 (D.C. Cir. 1978) ............................................................................. 1, 2, 9

*Symons v. Chrysler Corp. Loan Guarantee Board*,
    670 F.2d 238 (D.C. Cir. 1981) ....................................................................... 4, 5, 7, 8, 9

**Statutes**

5 U.S.C. § 552b(a) ............................................................................................................. 9, 10

5 U.S.C. § 552b(a)(1) .................................................................................................... 4, 5, 6, 7, 9

5 U.S.C. § 552b(c)(9)(A) ........................................................................................................ 4

12 U.S.C. § 225a ................................................................................................................. 10

12 U.S.C. § 241 ............................................................................................................. 1, 2, 8

12 U.S.C. § 263 ............................................................................................................... 2, 7, 8

12 U.S.C. § 263(a) ............................................................................................................ 2, 3

12 U.S.C. § 263(b) .......................................................................................................... 3, 10

12 U.S.C. § 263(c) ................................................................................................................ 3

12 U.S.C. § 321 .................................................................................................................... 2

12 U.S.C. § 341 (fifth) ..................................................................................................... 2, 8

12 U.S.C. § 347b(a) ............................................................................................................. 3

12 U.S.C. § 355 .................................................................................................................... 3

12 U.S.C. § 357 .................................................................................................................... 3

12 U.S.C. § 461(b)(2) ......................................................................................................... 10

12 U.S.C. § 461(b)(2)(A) ..................................................................................................... 3

12 U.S.C. § 461(b)(4) ........................................................................................................ 10

12 U.S.C. § 461(b)(12) ........................................................................................................ 3

15 U.S.C. § 1862 (Supp. III 1979) ....................................................................................... 9

22 U.S.C. § 9613(b)(2)(B)(i) ................................................................................................ 9

Banking Act of 1935, ch. 614, 49 Stat. 684 (codified in scattered sections of 12 U.S.C.) ............. 1
   § 205 (codified at 12 U.S.C. § 263) ................................................................................. 1

Federal Reserve Act of 1913, 12 U.S.C. § 221 et seq. ..................................................... 1, 2

Government in the Sunshine Act of 1976 (codified at 5 U.S.C. § 552b) ............................ 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 6

**Regulations**

12 C.F.R. § 281.1 ............................................................................................................. 7, 8

12 C.F.R. § 281.2 (1981) .................................................................................................. 8

**Regulatory Materials**

Implementation of the Amendment to the Freedom of Information Act Required by the Government in the Sunshine Act, (formerly codified at 12 C.F.R. § 281.2 (1977)) (currently codified at 12 C.F.R. § 281.1 (2024))
    42 Fed. Reg. 13,299 (Mar. 10, 1977) ................................................................... 4

**Other Authorities**

Alan Greenspan, *Testimony before the Committee on Banking, Finance and Urban Affairs, U.S. House of Representatives*, H.2. 28 Federal Reserve System Accountability Act (Oct. 19, 1993), 1993 WL 747977 ................................................................................ 4

Board of Governors of the Federal Reserve System, *Transcript of Meeting of the FOMC* (March 18, 1936) https://www.federalreserve.gov/monetarypolicy/files/FOMChistmin19360318.pdf .................................................................................... 3

Board of Governors of the Federal Reserve System, *Transcript of Meeting of the FOMC* (Nov. 16, 1993) https://www.federalreserve.gov/monetarypolicy/files/FOMC19931116meeting.pdf (statement of Mr. Greenspan) ............................................ 4

Board of Governors of the Federal Reserve System,
    Federal Reserve Bulletin (Mar. 1995)
    https://ypfsresourcelibrary.blob.core.windows.net/fcic/YPFS/Federal-Reserve-Bulletin-March-1995.pdf ................................................................................ 4

Confirmation and Reappointment of Jerome H. Powell, Member,
    Board of Governors of the Federal Reserve System
    S. 113th Cong. Pres. Nom. PN1350 (2014) ......................................................... 8

Confirmation and Appointment of Philip Nathan Jefferson, Member,
    Board of Governors of the Federal Reserve System
    S. 117th Cong. Pres. Nom. PN1680 (2022) ......................................................... 8

Confirmation and Reappointment of Michelle Bowman, Member,
    Board of Governors of the Federal Reserve System
    S. 116th Cong. Pres. Nom. PN561 (2019) ........................................................... 8

Confirmation and Appointment of Michael S. Barr, Member,
    Board of Governors of the Federal Reserve System
    S. 117th Cong. Pres. Nom. PN2020 (2022) ......................................................... 8

Confirmation and Reappointment of Lisa DeNell Cook, Member,
    Board of Governors of the Federal Reserve System

    S. 118th Cong. Pres. Nom. PN644 (2023) ............................................................................. 8

Confirmation and Appointment of Christopher Waller, Member,
    Board of Governors of the Federal Reserve System
    S. 116th Cong. Pres. Nom. PN1423 (2020) ........................................................................ 8

The Federal Reserve System, The Fed Explained: What the Central Bank Does
    (11th ed. 2021) ................................................................................................................... 1

As this Court recently observed, Plaintiff's assertion that the Federal Open Market Committee is subject to the Government in the Sunshine Act of 1976, 5 U.S.C. § 552b ("Sunshine Act"), is foreclosed by express statutory language and circuit precedent. Plaintiff's complaint fails to state a claim as a result and should be dismissed.

## BACKGROUND

This suit concerns whether the Federal Open Market Committee ("FOMC") and its meetings are subject to the Sunshine Act and its requirement that certain governmental bodies conduct certain meetings or portions thereof in public.

By way of history, the Federal Reserve System, the nation's central bank, was established in 1913 by the Federal Reserve Act, 12 U.S.C. § 221 *et seq.* ("FRA"), and was restructured by the Banking Act of 1935, Pub. L. No. 74-305, ch. 614, 49 Stat. 684 (codified in scattered sections of 12 U.S.C.), which, *inter alia*, established the FOMC in roughly its present form. *See* Banking Act of 1935 § 205 (codified at 12 U.S.C. § 263).

The System consists of the Board of Governors of the Federal Reserve System ("Board"), twelve regional Federal Reserve Banks, and the FOMC. *See The Federal Reserve System, The Fed Explained: What the Central Bank Does* 7–8, (11th ed. 2021). The Federal Reserve *System* is thus not a single entity, but rather, by congressional design, a number of legally distinct entities. *Reuss v. Balles*, 584 F.2d 461, 462 (D.C. Cir. 1978) ("The Federal Reserve System . . . is not a single entity, but rather a composite of several parts, both public and private."). These distinct legal entities include: 1) the Board, which is a federal government agency composed of seven members, *see* 12 U.S.C. § 241; 2) the twelve individual Reserve Banks, which are "corporations whose stock is owned by the member commercial banks within their districts," *Comm. for Monetary Reform v. Bd. of Governors of Fed. Reserve Sys.*, 766 F.2d 538, 540 (D.C.

Cir. 1985) (citing 12 U.S.C. § 321); and 3) the FOMC, which is a separate entity comprised of the seven members of the Board and five representatives of the Reserve Banks.  12 U.S.C. § 263; *Reuss*, 584 F.2d at 462.  These entities are established in separate subchapters of the FRA, and each has distinct leadership, personnel, operations, and authority.  *Compare* 12 U.S.C. § 221, ch. 3 subch. II (establishing the Board); *id.* § 241, *with id.* ch. 3 subchs.VI–VII, IX (establishing the Reserve Banks), *and id.* ch. 3 subch. IV (establishing the FOMC).  In contrast, the FRA contains no such provisions establishing an entity called the "Federal Reserve System" as a separate legal body.

The FRA establishes distinct procedures for the appointment of the leadership of the Board and Reserve Banks, respectively, and for ex officio service on the FOMC by the Board's members and certain Reserve Bank officials, rather than for separate appointments directly to the FOMC.  With respect to the Board, the FRA provides that "[t]he Board . . . shall be composed of seven members, to be appointed by the President, by and with the advice and consent of the Senate."  *Id.* § 241.  With respect to the Federal Reserve Banks, the FRA provides that the board of directors of each Reserve bank appoint a president and vice-president subject to the Board's approval.  *Id.* § 341 (fifth).  In contrast, rather than directly providing for appointment of any official to the FOMC, the FRA provides that the FOMC "shall consist of the members of the Board . . . and five representatives of the Federal Reserve banks [who] shall be presidents or first vice presidents of Federal Reserve banks . . . ."  12 U.S.C. § 263(a).  Thus, no official is directly appointed to the FOMC; instead, officials appointed as either a member of the Board or a Reserve Bank president or vice-president serve on the FOMC in an ex officio role by operation of law.

Among the central bank's principal functions is "the conduct of monetary policy, the aim of which is to promote national economic goals through influence on the availability and cost of bank reserves, bank credit and money." *Comm. for Monetary Reform*, 766 F.2d at 539. There are three primary means through which such policy is implemented, *see FOMC v. Merrill*, 443 U.S. 340, 344 (1978): (1) open market operations (purchases and sales of certain securities in the open market), 12 U.S.C. §§ 263(b), 355, over which the FOMC has exclusive control by statute, *Merrill*, 443 U.S. at 344 (citing 12 U.S.C. § 263(c)) ("The FOMC is charged with conducting open market operations 'with a view to accommodating commerce and business and with regard to their bearing upon the general credit situation of the country.'"); (2) establishment by the Reserve Banks, subject to review and determination by the Board, of discount rates at which depository institutions and member banks can borrow from Reserve Banks, 12 U.S.C. 347b(a), 357; and (3) establishment by the Board of reserve requirements, as well as the interest rate that the Reserve Banks' accountholders may earn on their deposits, 12 U.S.C. § 461(b)(2)(A), (b)(12).

The FOMC, which by law is required to meet at least four times per year, 12 U.S.C. § 263(a), has kept its meetings closed since it first met in its current form in 1936. *See Transcript of Meeting of the FOMC* at 2–3 (March 18, 1936), *available at* https://www.federalreserve.gov/monetarypolicy/files/FOMChistmin19360318.pdf (adoption of bylaws requiring that "proceedings, deliberations, [and] discussions . . . of the Committee . . . shall be strictly confidential"). Former Board Chairman Alan Greenspan has explained that this practice allows for effective monetary policymaking and prevents damaging market fluctuations and speculation in response to the exchange of ideas that occurs at FOMC meetings.[1]

---

[1] In testimony before Congress in 1993, Mr. Greenspan described some of the problems that

Starting shortly after enactment of the Sunshine Act in 1976, the FOMC has made the consistent determination that the Sunshine Act does not apply to it.  *See* Implementation of the Amendment to the Freedom of Information Act Required by the Government in the Sunshine Act, 42 Fed. Reg. 13,299 (Mar. 10, 1977) (formerly codified at 12 C.F.R. § 281.2 (1977)) (currently codified at 12 C.F.R. § 281.1 (2024)).[2]  Specifically, the FOMC has noted that its constituents are not directly appointed to their role *qua* FOMC members but instead serve on an ex officio basis, *id.*, whereas the Sunshine Act states that it applies to any "body composed of two or more individual members, a majority of whom are *appointed to such position* by the President with the advice and consent of the Senate."  5 U.S.C. § 552b(a)(1) (emphasis added).  Four years after the FOMC adopted this policy, when the D.C. Circuit first held that ex officio members of a board were to be disregarded when counting how many officials were "appointed to such position" for purposes of determining the applicability of the Sunshine Act, the court specifically referred to the FOMC's policy and noted that the FOMC's construction of the Act

---

would result if the contents of FOMC meetings were made freely available to the public.  He explained that the type of free-ranging exchange of views necessary for effective monetary policy, if made public, could "creat[e] unnecessary volatility in financial and foreign exchange markets," could "prove unsettling to markets," and could "ignit[e] a speculative reaction when the discussion was disclosed."  Alan Greenspan, *Testimony before the Committee on Banking, Finance and Urban Affairs, U.S. House of Representatives*, H.2. 28 Federal Reserve System Accountability Act (Oct. 19, 1993), 1993 WL 747977.  Subsequently, the FOMC formally adopted a practice of releasing transcripts of its meetings after a delay of five years, *see Federal Reserve Bulletin* (Mar. 1995) at 265, *available at* https://ypfsresourcelibrary.blob.core.windows.net/fcic/YPFS/Federal-Reserve-Bulletin-March-1995.pdf, a period that Mr. Greenspan felt was sufficiently long to not impact ongoing business cycles.  *See Transcript of Meeting of the FOMC* at 39 (Nov. 16, 1993), *available at* https://www.federalreserve.gov/monetarypolicy/files/FOMC19931116meeting.pdf (statement of Mr. Greenspan).

[2] The FOMC further explained that even if the Act had applied to it, its meetings could still remain closed pursuant to an exemption in the Act protecting from disclosure information "the premature disclosure of which would . . . be likely to lead to significant financial speculation in currencies, securities, or commodities . . . ."  *Id.* (quoting 5 U.S.C. § 552b(c)(9)(A)).

4

was "consistent" with its holding. *See Symons v. Chrysler Corp. Loan Guar. Bd.*, 670 F.2d 238, 243 (D.C. Cir. 1981).

Plaintiff, which describes itself as an investment management company, Compl. § 23, brought this suit on July 24, 2025, against the FOMC and its members in their official capacities, asserting that the FOMC's policy that it is not subject to the Sunshine Act is unlawful. *Id.* § 1. Plaintiff asserts that the FOMC is subject to the Sunshine Act as an "agency" to which the Act applies or a "subdivision thereof." *Id.* § 7 (quoting 5 U.S.C. § 552b(a)(1)). Plaintiff purports to bring its suit under the Sunshine Act as well as the Administrative Procedure Act ("APA"). *Id.* at 23–26. Its complaint seeks a declaration that the FOMC is subject to the Sunshine Act and that its policy concerning the Act and its application to the FOMC meeting that concluded on July 30, 2025 violates the Sunshine Act and the APA, and an order declaring invalid and setting aside the FOMC's nondisclosure policy and the closure of its most recent meeting . *Id.* at 26. Plaintiff also requests preliminary and permanent injunctions enjoining the Defendants from holding future meetings pursuant to the FOMC's Sunshine Act policy and requiring that the Defendants conduct future meetings in accordance with the Sunshine Act. *Id.* at 27.

Shortly after filing the complaint, Plaintiff moved for a temporary restraining order to require the FOMC's July 29-30 meeting to be held publicly, ECF No. 6, and the FOMC filed an opposition.[3] ECF No. 11. At the motion hearing on July 28, 2025, the Court denied relief, holding that Plaintiff was unlikely to succeed on the merits on each of its claims. First, the Court held that "*Symons* . . . makes clear that the FOMC is not an agency under Section 552b(a)(1)."

---

[3] Counsel understand the "official capacity" naming of each individual defendant to be a suit against the Committee itself and not against its members in any other capacity. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

5

Hearing Tr. at 55:1–3.  Second, the Court held that "[t]he FOMC also is not a subdivision of any agency under Section 552b(a)(1) . . . because the FOMC is an independent entity with independent authority that conducts its own decision-making."  *Id.* at 56:14–15, 22–23.  The Court also held that its rulings concerning the Sunshine Act claims precluded Plaintiff's APA claim that was "completely redundant with" these claims.  *Id.* at 57:16–17, 58:15–21.  It further noted that its merits ruling alone was a sufficient basis to deny relief, *id*. at 58:22–24, while also holding that Plaintiff failed to prevail on any of the remaining three equitable factors relevant to granting preliminary relief.  *Id.* at 51:21–22.  The Court consequently denied Plaintiff's request.  *Id.* at 62:11–13.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The complaint's well-pled factual allegations are accepted as true, but must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court need not accept a plaintiff's legal conclusions as true, *id*., nor presume the veracity of legal conclusions that are couched as factual allegations, *Twombly*, 550 U.S. at 555.

## ARGUMENT

The Court should dismiss the complaint.  As the Court has already found, Plaintiff's claims are precluded by binding circuit and Supreme Court precedent as well as express statutory language.  The D.C. Circuit has expressly endorsed the FOMC's position that it is not an agency subject to the Sunshine Act because its members are not directly appointed to the FOMC but instead serve on the FOMC ex officio.  *Symons*, 670 F.2d at 243 (crediting "previous consistent

6

constructions of the Act," including that "[t]he Federal Open Market Committee (FOMC) has concluded that it is not a covered agency" in light of ex officio membership). Nor is the FOMC subject to the Sunshine Act as a purported agency subdivision exercising authority "on behalf of" an agency subject to the act, as Plaintiff mistakenly contends, *see* Compl. ¶ 67, because the FOMC is indisputably not part of another agency and because it exercises its own statutory duties rather than exercising delegated duties. *See* 12 U.S.C. § 263; 12 C.F.R. § 281.1 (the FOMC "is a separate and independent statutory body within the Federal Reserve System," and "[i]n no respect is it an agent or 'subdivision'"). Lastly, Plaintiff's duplicative APA claim fails to separately state a cause of action.

### A.     The FOMC Is Not an Agency for Purposes of the Sunshine Act

The Sunshine Act only applies to agencies "headed by a collegial body composed of two or more individual members, a majority of whom are *appointed to such position* by the President with the advice and consent of the Senate." 5 U.S.C. § 552b(a)(1) (emphasis added). The D.C. Circuit has repeatedly held that "appointed to such position" refers to direct appointment to serve on the body in question rather than appointment to another role that serves on that body in an ex officio capacity. *See Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 77 F.4th 679, 688 (D.C. Cir. 2023) (citing 5 U.S.C. § 552b(a)(1) and *Symons*, 670 F.2d at 241) ("'[A]ppointed to such position' in the Sunshine Act requires that the majority of an agency's Board members be appointed to the Board itself, *not serve ex officio*." (emphasis added)). Indeed, as noted above, when the D.C. Circuit first adopted this construction of the Sunshine Act's "unambiguous" "appointed to such position" language as not encompassing ex officio service, *Symons*, 670 F.2d at 242, it specifically noted that the FOMC's "previous consistent construction[] of the Act" that

7

Plaintiff now challenges accorded with "the reading given to the statute" in its ruling. *Id.* at 243 (citing 12 C.F.R. § 281.2 (1981)[4]).

Pursuant to this controlling precedent, *no* official serving on the FOMC "is appointed to such position" and the FOMC is therefore not subject to the Sunshine Act. The FRA does not provide for direct "appoint[ment] to" the FOMC as the phrase is used in the Sunshine Act. Instead, FRA provisions that make no mention of the FOMC provide for members of the *Board* to be appointed *qua Board members* by the President with the advice and consent of the Senate, *see* 12 U.S.C. § 241,[5] and for Reserve Bank directors to appoint the Bank's presidents and vice presidents subject to the Board's approval. *Id.* § 341 (fifth). In a *separate provision* making no reference to appointment, the FRA provides that the FOMC "*shall consist of* the members of the Board of Governors of the Federal Reserve System and five representatives of the Federal Reserve banks [who] shall be presidents or first vice presidents of Federal Reserve banks." 12 U.S.C. § 263 (emphasis added). Thus, none of these officials are "appointed to" the FOMC;

---

[4] 12 C.F.R. § 281.2 has been redesignated at 12 C.F.R. § 281.1.

[5] *See also* Jerome H. Powell, of Maryland, to be a Member of the Board of Governors of the Federal Reserve System for a term of fourteen years from February 1, 2014 (Reappointment). S. 113th Cong. Pres. Nom. PN1350 (2014); Philip Nathan Jefferson, of North Carolina, to be a Member of the Board of Governors of the Federal Reserve System for a term of fourteen years from February 1, 2022, vice Richard Clarida, resigned. S. 117th Cong. Pres. Nom. PN1680 (2022); Michelle Bowman, of Kansas, to be a Member of the Board of Governors of the Federal Reserve System for a term of fourteen years from February 1, 2020. (Reappointment). S. 116th Cong. Pres. Nom. PN561 (2019); Michael S. Barr, of Michigan, to be a Member of the Board of Governors of the Federal Reserve System for the unexpired term of fourteen years from February 1, 2018, vice Randal Quarles, resigned. S. 117th Cong. Pres. Nom. PN2020 (2022); Lisa DeNell Cook, of Michigan, to be a Member of the Board of Governors of the Federal Reserve System for a term of fourteen years from February 1, 2024. (Reappointment). S. 118th Cong. Pres. Nom. PN644 (2023); Christopher Waller, of Minnesota, to be a Member of the Board of Governors of the Federal Reserve System for a term of fourteen years from February 1, 2016, vice Sarah Bloom Raskin, resigned. S. 116th Cong. Pres. Nom. PN1423 (2020).

8

they are appointed to other offices and serve on the FOMC ex officio.  The organic acts that the D.C. Circuit has construed as creating entities not subject to the Sunshine Act have used precisely this language that establishes a board that "shall consist of" officers appointed to *other positions* and therefore serving in an ex officio role.  *See Ctr. for Biological Diversity*, 77 F.4th at 687–88 (construing 22 U.S.C. § 9613(b)(2)(B)(i)); *Symons*, 670 F.2d at 240–41 (construing 15 U.S.C. § 1862 (Supp. III 1979)).

        B.        **The FOMC Is Not Subject to the Sunshine Act as a "Subdivision" of the Federal Reserve System**

Plaintiff alternatively asserts that the FOMC is a "a 'subdivision' of the Federal Reserve System," Compl. ¶ 67, and that since the Sunshine Act applies to a "subdivision . . . authorized to act on behalf of" an agency subject to the Act, 5 U.S.C. § 552b(a)(1), it must therefore apply to the FOMC.  *Id.*  But the Federal Reserve System is not an "agency" subject to the Sunshine Act, and the FOMC carries out a statutory mandate with which it is directly tasked rather than acting "on behalf of" another entity.

Assuming, arguendo, that the FOMC could be viewed as a "subdivision" of the Federal Reserve System, the latter is not itself an "agency" to which the Sunshine Act applies.  The Sunshine Act only applies to agencies "headed by a collegial body composed of two or more individual members, a majority of whom are appointed to such position by the President with the advice and consent of the Senate."  5 U.S.C. § 552b(a).  But Congress has established no distinct legal entity called the "Federal Reserve System" with assigned personnel and authority that it can exercise directly or delegate to a subunit to exercise on its behalf, much less provided for any officials to be directly appointed to head it.  *See Reuss*, 584 F.2d at 462 ("The Federal Reserve System . . . is not a single entity, but rather a composite of several parts, both public and private."); *see also Symons*, 670 F.2d at 241 (only direct appointment to a body is considered

9

when determining if it is an "agency" subject to the Sunshine Act). The Federal Reserve System is therefore not an "agency" to which the Sunshine Act applies.

Nor is the FOMC "authorized to act on behalf of" any other agency, which is a necessary precondition for a subdivision to be subject to the Sunshine Act. *See* 5 U.S.C. § 552b(a). As the Supreme Court explained, this condition makes the Sunshine Act applicable "only where a subdivision of the agency deliberates upon matters that are within that subdivision's formally *delegated authority to take official action for the agency.*" *FCC v. ITT World Commc'ns.*, 466 U.S. 463, 472 (1984) (emphasis added). In contrast, when the FOMC acts, it is not exercising "delegated authority to take official action for" any other entity, but is instead exercising authority that the FRA directly assigns to *it*. The FOMC is directly charged by Congress with regulating and directing Reserve Banks' open market activities. 12 U.S.C. § 263(b); *Comm. for Monetary Reform*, 766 F.2d at 539 ("[O]pen market trading. . . is exclusively the function of the FOMC.").[6] Tellingly, Plaintiff identifies no duty delegated to the FOMC to perform "on behalf of" another entity to which it was directly assigned. The FOMC is therefore not a "subdivision" of an agency subject to the Sunshine Act acting "on behalf of" such an agency so as to be subject to the Sunshine Act.

### C. Plaintiff Fails to State a Claim under the Administrative Procedure Act

Plaintiff's claim under the Administrative Procedure Act fails because it is duplicative of its Sunshine Act claim and therefore fails to state a separate, viable cause of action. Plaintiff asserts that the FOMC's policy statement explaining that it is not subject to the Sunshine Act is

---

[6] The FRA expressly charges both the FOMC and the Board—the latter of which has authority over *other* tools of monetary policy such as reserve requirements for depository institutions, 12 U.S.C. § 461(b)(2), (4)—with achieving certain monetary policy goals, with no indication that the FOMC acts as the Board's (or the Federal Reserve System's) agent in this regard. *Id.* § 225a.

10

"arbitrary, capricious, and inconsistent with the law," and that if the FOMC were subject to the Act it could not invoke Exemption 9(A) to the Act to close its meetings in their entirety.  Compl. § 105.  However, as explained above, and as the Court has already found, the FOMC is not an agency subject to the Sunshine Act.  Therefore, the duplicative APA cause of action fails to state a claim.  *See Ctr. for Biological Diversity*, 77 F.4th at 691 (APA claim relating to purported noncompliance with the Sunshine Act that does not allege separate harms independent of the applicability of the Act "rise[s] and fall[s] with the Sunshine Act").

## CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint with prejudice.

Respectfully submitted,

Dated: August 25, 2025          /s/ *Joshua P. Chadwick*
Joshua P. Chadwick
Yonatan Gelblum
Katherine Pomeroy
Federal Open Market Committee
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 263-4835
joshua.p.chadwick@frb.gov

*Counsel for Federal Open Market Committee Defendants*